IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZAMBEZIA FILM PTY, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13 C 1321 |
| v. | ) | |
| | ) | |
| DOES 1-65, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On February 19, 2013, Plaintiff Zambezia Film Pty Ltd. ("Zambezia") filed the present copyright infringement action against Defendant John Does 1-65 pursuant to the United States Copyright Act of 1976. *See* 17 U.S.C. § 101, *et seq*. This lawsuit involves Zambezia's effort to protect its copyrighted, animated motion picture, "Adventures in Zambezia,"[1] from numerous unknown individuals who are allegedly copying and distributing the movie on the Internet using the BitTorrent protocol. Zambezia maintains that thus far it has only been able to identify the Doe Defendants by their Internet Protocol ("IP") addresses. As such, the Court granted Zambezia's motion for expedited discovery to serve subpoenas on the Doe Defendants' Internet Service Providers ("ISPs"). Before the Court is Defendant John Doe #55's motion to vacate the

---

[1] "Zambezia (also known as Adventures in Zambezia) is a South African 3D computer-animated comedy-drama adventure film. Directed by Wayne Thornley and written by Andrew Cook, Raffaella Delle Donne, and Anthony Silverston, it is the first film produced by Triggerfish Animation Studios and distributed by CMG and Sony Pictures in English territories. It tells the story of a young falcon bird who leaves the desolate desert where he lives with his father to discover action and adventure in the big city of Zambezia."
http://en.wikipedia.org/wiki/Zambezia_(film) (last visited on August 28, 2013).

Court's April 4, 2013, order granting Zambezia's motion for expedited discovery and to quash the subpoena served on his ISP. *See* Fed.R.Civ.P. 45(c)(3)(A). Also, Defendant Doe # 55 moves to sever for improper joinder pursuant to Federal Rules of Civil Procedure 20 and 21. For the following reasons, the Court, in its discretion, denies Defendant's motion to vacate and quash. Further, the Court, in its discretion, denies Defendant Doe #55's motion to sever for improper joinder.

## BACKGROUND

In its Complaint, Zambezia alleges that Defendants, whose true identities are unknown at this time, acted in a collective and interdependent manner via the Internet in the unlawful reproduction and distribution of its copyrighted motion picture, "Adventures in Zambezia," by means of the interactive "peer-to-peer" file transfer technology protocol called BitTorrent. (R. 1, Compl. ¶ 4.) Zambezia further alleges that this present lawsuit involves one "swarm" in which numerous Defendants engaged in mass copyright infringement of "Adventures in Zambezia." (*Id*. ¶ 5.) According to Zambezia, each Defendant illegally uploaded and shared the motion picture within this swarm. (*Id*.) In addition, Zambezia contends that each Defendant was a willing and knowing participant in the swarm and engaged in such participation for the purpose of infringing Zambezia's copyrighted work. (*Id.* ¶ 6.) Also, Zambezia alleges that by participating in the swarm, each Defendant participated in the same transaction, occurrence, or series of transactions or occurrences as the other Defendants in the same swarm. (*Id*. ¶ 7.)

Before turning to Defendant Doe #55's motion, a description of the BitTorrent protocol is in order:

> BitTorrent is a software protocol that facilitates the practice of
> peer-to-peer file sharing used to distribute large amounts of data over the internet.

> To share information using BitTorrent, an initial file-provider (the "seeder") elects to share an initial file, called a "seed," with a torrent network. The file to be distributed is divided into segments called "pieces." Other users ("peers") intentionally connect to the seed file to download it. As each peer receives a new piece of the file, the peer also immediately becomes a source of that piece for other peers, relieving the original seeder from having to send that piece to every peer requesting a copy. This is the key difference between BitTorrent and earlier peer-to-peer file sharing systems: "BitTorrent makes file sharing a cooperative endeavor."
>
> ...
>
> After a peer completely downloads the file, it continues to transmit pieces of the file to other users until it disconnects from BitTorrent. As additional peers request and receive pieces of the same file, each user becomes a part of the network from which the file can be downloaded. As more users join the network, the speed and efficiency of downloads increases. The group of seeders and peers uploading and downloading the identical file are called a "swarm." While connected to the swarm, users continuously download pieces of the file until they have obtained a complete file and continuously upload pieces of the file to other users in the swarm. Even after a user exits the swarm, the identical file pieces that the user downloaded from other users and then shared with peers continue to circulate throughout the swarm. BitTorrent swarms can survive continuously for months or even years.

*Osiris Entm't, LLC v. Does 1-38*, No. 13 C 4901, 2013 WL 4478908, at *1 (N.D. Ill. Aug. 20, 2013) (citation omitted); *see also Malibu Media, LLC v. John Does 1-6*, ___F.R.D. ___, 2013 WL 2150679, at *1-2 (N.D. Ill. May 17, 2013).

I.      **Motion to Vacate and Quash**

First, the Court addresses Defendant Doe #55's motion to vacate and quash. Federal Rule of Civil Procedure 45 provides that a court shall quash or modify a subpoena if it requires disclosure of privileged or protected information or subjects a person to undue burden. *See* Fed.R.Civ.P. 45(c)(3)(A); *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 935 (7th Cir. 2004). "A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri,* 670 F.2d 702, 712

3

(7th Cir. 1982). The party seeking to quash a subpoena has the burden of establishing Rule 45(c)(3)(A)'s requirements. *See Pacific Century Int'l, Ltd. v. Does 1-37,* 282 F.R.D. 189, 193 (N.D. Ill. 2012). Motions to quash are within the sound discretion of the district court. *See Griffin v. Foley,* 542 F.3d 209, 223 (7th Cir. 2008).

In his motion, Defendant Doe #55, who is represented by counsel, argues that the Court should vacate its April 4, 2013, order granting Zambezia's request to serve third-party subpoenas upon the unidentified Defendants' ISPs because Zambezia failed to establish good cause to conduct this expedited discovery. *See Deckers Outdoor Corp. v. P'ships and Unincorporated Assoc.,* No. 13 C 2167, 2013 WL 1337616, at *10 (N.D. Ill. Mar. 27, 2013) ("To determine whether to authorize expedited discovery in a particular case, courts generally apply a 'good cause' standard."). In particular, Defendant Doe #55 argues that the Court should vacate its order because Zambezia is a "copyright troll" who has filed "multitudes of copyright suits solely to extort quick settlements." Needless to say, calling Zambezia a copyright troll and alleging that it is trying to extort a settlement does little to support Defendant's argument that Zambezia did not establish good cause for the expedited discovery. *See Hard Drive Prods., Inc. v. Doe,* 283 F.R.D. 409, 410 (N.D. Ill. 2012) ("In deciding a motion for expedited discovery, the Court evaluates 'the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'") (citation omitted).

Next, Defendant Doe #55 argues that Zambezia did not establish that it had good cause to conduct expedited discovery because in a similar lawsuit, *Zambezia Film Pty Ltd. v. Does 1-45*, 13 C 1747, Zambezia presented the same declaration in support of its expedited discovery request, and in that case, Judge Tharp denied Zambezia's motion because he determined that he

could not rely on the declaration. When granting Zambezia's expedited discovery motion in the present action, the Court, exercising its discretion, not only relied on the declaration — but also Zambezia's detailed legal memorandum, counsel's statements made in open court, and the breadth and purpose of the discovery request — in concluding that Zambezia had good cause to issue third-party subpoenas to the ISPs before the parties' Rule 26(f) conference. *See Ibarra v. City of Chicago*, 816 F.Supp.2d 541, 554 (N.D. Ill. 2011). Therefore, Defendant Doe #55's argument is unavailing and the Court denies his motion to vacate the April 4, 2013, order.

In addition, Defendant Doe #55 moves to quash the subpoena issued to his ISP because the information it seeks is not relevant under Rule 26(b)(1). In particular, he argues that the subpoena is not relevant because it seeks the person paying for the Internet service, namely, the subscriber, who may not necessarily be the purported infringer. Defendant Doe #55's argument has been rejected by other courts in this district:

> It is not a wild assumption on Plaintiff's part that the subscriber may be the alleged infringer or may lead to the alleged infringer. Without connecting the IP address to a person, Plaintiff would have no way of prosecuting infringement of its claimed copyright. The Court will not prohibit this discovery because it is less than certain to identify the individual who Plaintiff really wants to find.

*Malibu Media, LLC v. John Does 1-49,* No. 12 C 6676, 2013 WL 4501443, at *2 (N.D. Ill. Aug. 22, 2013); *reFX Audio Software, Inc. v. Does 1-111*, No. 13 C 1795, 2013 WL 3867656, at *2 (N.D. Ill. July 23, 2013) ("Even if the customer associated with the IP address is not necessarily the person who illegally download plaintiff's software, the customer's name is the first step in identifying the proper defendant."). The Court agrees that Defendant's argument has no merit especially in light of Rule 26(b)(1)'s broad definition of relevance. *See Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006) ("Requests for discovery are

5

relevant if there is any possibility that the information sought may be relevant to the subject matter of the action."). Because Defendant Doe #55 has failed in his burden of establishing Rule 45(c)(3)(A)'s requirements, *see Pacific Century Int'l,* 282 F.R.D. at 193, the Court denies Defendant's motion to vacate and quash.

## II. Motion to Sever for Improper Joinder

Defendant Doe #55 also moves to sever for improper joinder. Rule 20 governs the permissive joinder of parties and provides that multiple defendants may be joined in one action where: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2); *see also Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012) ("Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."). The joinder of parties and claims is strongly encouraged. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "Misjoinder occurs when the parties fail to satisfy either of the requirements for permissive joinder under Rule 20." *McDowell v. Morgan Stanley & Co., Inc.,* 645 F.Supp.2d 690, 694 (N.D. Ill. 2009). Rule 21 governs the misjoinder of parties and allows the Court to add or drop a party or sever any claim against a party. *See Wheeler,* 689 F.3d at 683; *Lee v. Cook County, Ill.,* 635 F.3d 969, 971 (7th Cir. 2011). It is well-settled that district courts have broad discretion under Rule 21. *See Chavez v. Illinois State Police,* 251 F.3d 612, 632 (7th Cir. 2001) (appellate court "accord[s] wide discretion to a district court's decision concerning the joinder of parties"); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.,* 754 F.2d

738, 743 (7th Cir. 1985) ("Rule 21 gives the court discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants.") (citation omitted).

In his motion, Defendant Doe #55 asserts that joinder is improper because Zambezia's claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences as required by Rule 20(a)(1). More specifically, Defendant argues that Zambezia has failed to properly allege joinder because it did not allege that the Doe Defendants accessed the same swarm at or about the same time. There is a split of authority in this district whether joinder is proper only if the plaintiff alleges that the defendants were part of the same swarm at the same time. *Compare Malibu Media, LLC v. Reynolds,* No. 12 C 6672, 2013 WL 870618, at *11 (N.D. Ill. Mar. 7, 2013) ("Where a swarm continues to exist for an extended period of time, it is improbable that defendants entering a swarm weeks or months apart will actually exchange pieces of data") *with reFX Audio Software,* 2013 WL 3867656, at *3 ("the argument that joinder is proper only if defendants participated in the same swarm at the same time ... ignores the fact that permissive joinder under Rule 20(a) does not require that defendants act in concert with each other").

Looking to the plain language of Rule 20 and its origins, the Court agrees with those courts that have concluded that Rule 20(a)(1) does not require a single transaction, direct transactions, or temporal overlap, and thus defendants need not be in the same swarm at the same time to be properly joined. *See Malibu Media*, ___F.R.D. ___, 2013 WL 2150679, at *8-9 (citing *In re EMC Corp.*, 677 F.3d 1351, 1356-57 (Fed. Cir. 2012)); *Malibu Media,* 2013 WL 4501443, at *3; *reFX Audio Software,* 2013 WL 3867656, at *3. As Judge Gettleman recently

explained:

> [T]he argument that joinder is proper only if defendants participated in the same swarm at the same time is also rejected. This argument ignores the fact that permissive joinder under Rule 20(a) does not require that defendants act in concert with each other, *see United States v. Miss.*, 380 U.S. 128, 143, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965), nor does it "have as a precondition that there be temporal distance or temporal overlap." *Patrick Collins v. Does 1–21,* 282 F.R.D. at 167. All that is required is a logical relationship between the separate causes of action. *Does 1–6,* 2012 WL 2150679 at *13 (citing *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed.Cir. 2012)). To require plaintiffs to establish that the joined defendants shared information directly with each other construes Rule 20 too narrowly. Rule 20 is satisfied if defendants indirectly interact with one another through participation in a single swarm. "[I]t is important to consider that while a peer directly uploads to only a small number of peers, those peers in turn upload pieces to other peers that later join the swarm. Thus, a defendant's 'generation' of peers — peers that a defendant likely directly uploaded to — helped pass on pieces of the [plaintiff's software] to the next 'generation' of active peers." *Third Degree Films v. Does 1–36,* 2012 WL 2522151 at *9 (E.D. Mich. May 29, 2012).

*reFX Audio Software*, 2013 WL 3867656 at *3.

As such, based on the alleged conduct of each Doe Defendant, there are sufficient allegations of aggregate conduct that fulfill Rule 20(a)(1)'s requirements. *See Malibu Media*, ___F.R.D. ___, 2013 WL 2150679, at *11. In particular, the allegations that support Rule 21(a)(1)'s "same transaction, occurrence, or series of transactions or occurrences" requirement, include that each Doe Defendant used BitTorrent to copy and distribute the copyrighted work without Zambezia's permission, Defendants' use of BitTorrent involved downloading and uploading pieces of the copyrighted work in a swarm, and each Defendant had pieces of the copyrighted work that had the same hash identifier. (Compl. ¶¶ 10, 11, 14, 20, 25, 38, 59.) Hence, the Court denies Doe Defendant 55's motion to sever.

## CONCLUSION

For these reasons, the Court, in its discretion, denies Defendant Doe #55's to motion to vacate and quash, as well as his motion to sever for improper joinder.

**Dated:** August 29, 2013

                                        **ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**